UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANYENY M. MARTINEZ, on behalf of herself, individually, and on behalf of all others similarly-situated,

                Plaintiff,

-against-

GARDEN PHARMACY, INC., d/b/a EXPRESS PHARMACY, and SAFEWAY PHARMACY, INC., and GERARD PHARMACY, INC., and RAY'S PHARMACY, INC., d/b/a CENTRAL PHARMACY & SURGICALS, and 145th STREET PHARMACY, INC., and SAGNIA BALBUENA, individually,

                Defendants.

**COMPLAINT**

Docket No.: 19-cv-8195

Jury Trial Demanded

---

ANYENY M. MARTINEZ, ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C, as and for her Complaint against GARDEN PHARMACY, INC., d/b/a EXPRESS PHARMACY ("Express"), and SAFEWAY PHARMACY, INC. ("Safeway"), and GERARD PHARMACY, INC. ("Gerard"), and RAY'S PHARMACY, INC., d/b/a CENTRAL PHARMACY & SURGICALS ("Central"), and 145th STREET PHARMACY, INC. ("145th Street," and collectively with Express, Safeway, Gerard, and Central, where appropriate, as "the Pharmacy"), and SAGNIA BALBUENA, individually, ("Balbuena," and collectively with the Pharmacy, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.   This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL and the NYCRR, NYLL § 652; 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.   Plaintiff worked for Defendants - - five nominally distinct entities that together operate a single enterprise of pharmacies in the Bronx and the individual who is an owner and/or chief executive that operates and supervises the enterprise and its employees on a day-to-day basis - - as a cashier from on or about June 4, 2018 until on or about February 11, 2019.  As described below, throughout her employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL or the minimum hourly rate due under the NYLL.  Specifically, for the entirety of Plaintiff's employment, Defendants required her to work over forty hours per week at Defendants' various pharmacy locations, but failed to compensate her at the statutorily-required overtime rate of at least one and-one half times the minimum wage rate, or one and one-half times her regular rate of pay when greater, for any hours that she worked each week in excess of forty.  Instead, Defendants paid Plaintiff at her straight-time rate of pay for all

hours worked each week - - which fell below the minimum rate that the NYLL requires for each hour worked - - including those in excess of forty in a week.

3. Additionally, Defendants violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday or with any wage notice at the time of her hire.

4. Defendants have paid and treated all of their hourly employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings all claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant Express was and is a New York corporation, with its principal place of business located at 273 E. 149th Street, Bronx, New York 10451.

10. At all relevant times herein, Defendant Safeway was and is a New York corporation, with its principal place of business located at 493 E. 138th Street, Bronx, New York 10454.

11. At all relevant times herein, Defendant Gerard was and is a New York corporation, with its principal place of business located at 903 Gerard Avenue, Bronx, New York 10452.

12. At all relevant times herein, Defendant Central was and is a New York corporation, with its principal place of business located at 423 E. 138th Street, Bronx, New York 10454.

13. At all relevant times herein, Defendant 145th was and is a New York corporation, with its principal place of business located at 300 W 145th Street, New York, New York 10039.

14. At all relevant times herein, Defendant Balbuena was and is an owner and/or chief executive of the Pharmacy and all of its various entities, who controlled the terms and conditions of employment for all of the Pharmacy's employees regardless of location, in that she had and exercised the power to hire and fire all employees, supervised and directed employees' work, determined the rate and method of wage payments to all employees, and was responsible for maintaining employment records. To that end, Balbuena both hired and fired Plaintiff, set her pay and schedule, and directed which pharmacy Plaintiff should work at on a given day.

15. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, during all relevant times, the Pharmacy's qualifying annual business exceeded and exceeds $500,000.00, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees, interact with and receive payments from federal government health programs, and order pharmaceuticals and other products, such as prescription drugs, which move across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, were paid on an hourly basis, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. At all times relevant herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

19. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

20. The Pharmacy is comprised of at least the five nominally distinct entities listed in the caption of this Complaint, which in reality operate as a single enterprise in that they all: comingle and share employees and management between the various entities; are commonly

managed by the same personnel, i.e., Defendant Balbuena, who is an owner that manages the entire enterprise and who personally directed Plaintiff's work and who directs all other employees to perform work for/on behalf of the various distinct entities at each different location; and are commonly controlled financially by Defendant Balbuena.

21. Defendants, as a single enterprise, operate the pharmacies from at least five separate locations, and all prepare, dispense, and provide prescription drugs to consumers in the Bronx, and also sell other consumer products found at any typical pharmacy in New York.

22. Defendant Balbuena personally managed and oversaw and manages and oversees the day-to-day operations of the Pharmacy and each of its locations, and was and is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Balbuena had and exercised the power to hire and fire and approve all personnel decisions with respect to the Pharmacy's employees, including Plaintiff. Indeed, on or about June 4, 2018, Defendant Balbuena hired Plaintiff to work for the Pharmacy as a cashier, and she subsequently terminated Plaintiff's employment on or about February 11, 2019.

23. At all times throughout Plaintiff's employment, Defendants employed at least eleven employees, including Plaintiff.

24. As a cashier, Plaintiff's primary job duties, as its name suggests, consisted of accepting payment from Defendants' customers and counting the register at the conclusion of each shift.

25. Defendant Balbuena determined at which location Plaintiff would work. Specifically, for the first month of her employment, Defendant Balbuena directed Plaintiff to work at the Central location. Thereafter, Defendant Balbuena instructed Plaintiff to work at the Safeway location from approximately July 2018 through August 2018. Then from September 2018 until the

end of her employment in February 2019, Defendant Balbuena directed Plaintiff to work at the Garden location from Monday through Friday, and at the Gerard location on Saturday. In addition, whenever a different location needed coverage, Defendant Balbuena directed Plaintiff to work at that location instead of the location to which she was typically assigned. As such, during her employment, Defendants required Plaintiff to work at the 145th Street location on occasion, as needed.

26. From June 4, 2018 until approximately August 31, 2018, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, Monday through Friday, from 11:00 a.m. to 7:00 p.m., and Saturday from 9:00 a.m. to 5:00 p.m., with one thirty-minute break each day, for a total of forty-six hours per week. From September 1, 2018 until February 11, 2019, Defendants required Plaintiff to work, and Plaintiff typically did work, six days per week, Monday through Friday from 9:00 a.m. to 7:00 p.m., and Saturday from 9:00 a.m. to 5:00 p.m., without being able taking an uninterrupted break, for a total of fifty-fifty and one-half hours per week.

27. In exchange for her work, from June 4, 2018 until December 31, 2018, Defendants compensated Plaintiff at a rate of $12.00 per hour, and then from January 1, 2019 through February 11, 2019, at the rate of $13.50 per hour, for all hours that Plaintiff worked each week, including those hours that Plaintiff worked over forty in a week.

28. By way of example only, during the week of December 17 through 23, 2018, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule:

        Monday, December 17, 2018: 9:00 a.m. until 7:00 p.m.;

        Tuesday, December 18, 2018: 9:00 a.m. until 7:00 p.m.;

        Wednesday, December 19, 2018: 9:00 a.m. until 7:00 p.m.;

        Thursday, December 20, 2018: 9:00 a.m. until 7:00 p.m.;

> Friday, December 21, 2018: 9:00 a.m. until 7:00 p.m.;
>
> Saturday, December 22, 2018: 9:00 a.m. until 5:00 p.m.;
>
> Sunday, December 23, 2018: off.

Accordingly, Plaintiff worked a total of fifty-five and one-half hours during this week. In exchange, Defendants paid Plaintiff $12.00 per hour for all fifty-fifty and one-half hours that Plaintiff worked.

29. Defendants paid Plaintiff biweekly, partly in cash and partly by check.

30. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, the amount of hours that Plaintiff worked per week, her total weekly compensation, her regular rate of pay, or her overtime rate of pay for each hour that she worked in a week in excess of forty.

31. Additionally, Defendants did not provide Plaintiff with any wage notice at the time of hire, let alone one that accurately listed, *inter alia*, Plaintiff's rates of pay as designated by the employer.

32. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

33. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

34. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

35. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

38. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

39. Defendants willfully violated the FLSA.

40. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

42. Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, when greater, for any hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

45. As also described above, Plaintiff and any FLSA Plaintiff that opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

46. Plaintiff and any FLSA Plaintiff that opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

47. Plaintiff and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

48. Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for all hours worked, which, as is relevant herein, for New York City employers with eleven or more employees, was $13.00 from December 31, 2017 to December 30, 2018, and $15.00 from December 31, 2018 to present.

50. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

10

51. As also described above, Defendants did not compensate Plaintiff and any FLSA Plaintiff that opts-into this action at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

52. At the least, Plaintiff and any FLSA Plaintiff that opts-into this action, are entitled to the minimum rate of pay required by the NYLL and the NYCRR for all hours worked.

53. Plaintiff and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

54. Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

56. As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff that opts-into this action, with wage statements that accurately contained all of the criteria required under the NYLL.

57. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

58. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

59. Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

61. As described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff that opts-into this action, with a wage notice at hire that accurately contained all of the criteria required under the NYLL.

62. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00.

63. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.        Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.        An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d.        Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.        Designation of Plaintiff and her counsel as collective action representative under the FLSA;

f.        All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

g.        Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.        Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.        Pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
September 3, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By: _____
CAITLIN DUFFY, ESQ. (CD 8160)
ALEXANDER T. COLEMAN, ESQ. (AC 1717)
MICHAEL J. BORRELLI, ESQ. (MB 8533)